**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10288 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00661-CRB-1 |
| v. | |
| CARLOS MIRANDA-GODOY, AKA Andres Sarceno, AKA Shorty, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10291 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01112-CRB-1 |
| v. | |
| CARLOS MIRANDA-GODOY, AKA Carlos Miranda, AKA Andres Ricardo Sarceno, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted September 15, 2015[**]
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Carlos Miranda-Godoy appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He also appeals the district court's imposition of a 120-month sentence for the conviction and a one-year consecutive sentence for violating the conditions of supervised release from a prior case.

Sufficient evidence supports the § 922(g) conviction. "[A]fter viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The district court did not commit procedural error when it sentenced Miranda-Godoy to 120 months of imprisonment for the § 922(g) violation. The district court did not clearly err in finding by clear and convincing evidence that Miranda-Godoy committed attempted murder. U.S.S.G. §§ 2A2.1(a), 2K2.1(c); *see also United States v. Armstead*, 552 F.3d 769, 776 (9th Cir. 2008).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err when it sentenced Miranda-Godoy to 12 months of imprisonment for violating the terms of his supervised release. Courts "may not impose a revocation sentence *solely*, or even primarily, based on the severity of the new criminal offense underlying the revocation." *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007). The district court did not sentence Miranda-Godoy for the supervised release violation "solely, or even primarily, based on" the felon in possession conviction. It considered Miranda-Godoy's criminal history and the likelihood that he would resume gang activity in the future, which are permissible sentencing considerations.

**AFFIRMED.**